UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN M. HENDERSON,<br><br>        Plaintiff,<br><br>   v.<br><br>LOR, et al.,<br><br>        Defendants. | No. 2:16-cv-2833 TLN AC P<br><br><br>ORDER |

Plaintiff is a former state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Defendant has filed a motion to compel discovery (ECF No. 25), to which plaintiff has not responded.

In the motion, counsel for defendant asserts that after serving plaintiff with requests for production and admissions and noticing plaintiff's deposition, plaintiff contacted her to request an extension of time. ECF No. 25-1 at 2; ECF No. 25-2 at 1-2, ¶¶ 1-5. After discussing the matter, counsel and plaintiff agreed to conduct plaintiff's deposition on November 9, 2018, and an amended deposition notice was sent to plaintiff. ECF No. 25-1 at 2; ECF No. 25-2 at 2, ¶¶ 5, 7. They also agreed that plaintiff would have until his deposition to provide his discovery responses, which he was to bring with him to the deposition. ECF No. 25-1 at 2; ECF No. 25-2 at 2, ¶ 5. However, plaintiff failed to appear for his deposition or provide responses to the discovery requests. ECF No. 25-1 at 2; ECF No. 25-2 at 2-3, ¶¶ 8-10. Defendant requests that plaintiff be

1

1  ordered to sit for his deposition and to respond to the requests for production, and that the
2  requests for admission be deemed admitted. ECF No. 25-1 at 2-4. He also requests costs related
3  to the failed attempt to depose plaintiff and bringing the motion to compel. Id. at 4-5.

Plaintiff has failed to respond to discovery requests, appear for his deposition, or respond to the motion to compel, and he has not provided any explanation for his failures to act.[1] Accordingly, defendant's motion to compel will be granted. Having initiated this lawsuit, plaintiff has an obligation to pursue it diligently, and that includes participating in the discovery process. Because plaintiff has failed to respond to the requests for admissions, they are deemed admitted. Fed. R. Civ. P. 36(a)(3). Plaintiff will also be required to participate in his deposition and provide responses to the requests for production. If he fails to do either, he will be subject to sanctions, which shall range up to dismissal of this case for failure to prosecute and failure to comply with a court order. See Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 41(b); L.R. 110.

When a party fails to appear for his deposition or there is a complete failure to respond to requests for production, as there has been in this case, "the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). In light of plaintiff's indigence and his status as a pro se plaintiff who was only recently released from prison, the court finds that an award of expenses would be unjust and the request will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to compel (ECF No. 25) is granted.

2. Defendant's requests for admissions are deemed admitted. Fed. R. Civ. P. 36(a)(3).

3. Within thirty days of the service of this order, plaintiff must provide responses to defendant's requests for production without objection.

////

---

[1] The requests for discovery appear to be reasonably related to the issues in this case. ECF No. 25-2 at 7-9, 13-17. However, even if the requests were not reasonably related, plaintiff would still be obligated to at least raise any objections he might have to the requests.

4. Defendants shall have until February 1, 2019, to notice and conduct plaintiff's deposition.

5. If plaintiff fails to comply with this order, he will be subject to sanctions, which shall range up to dismissal of this case for failure to prosecute and failure to comply with a court order. See Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 41(b); L.R. 110.

6. Defendant shall notify the court by February 8, 2019, whether plaintiff has provided responses to the production requests and, if a deposition was scheduled, whether plaintiff attended and participated in his deposition.

DATED: December 18, 2018.

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE