UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN M. HENDERSON,<br><br>    Plaintiff,<br><br>  v.<br><br>LOR, et al.,<br><br>    Defendants. | No. 2:16-cv-2833 TLN AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a former state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.

I.    Procedural History

By order filed December 20, 2018, the undersigned granted defendant's motion to compel and ordered plaintiff to provide responses to defendant's requests for production within thirty days. ECF No. 28 at 2. The undersigned also deemed defendant's requests for admissions admitted and ordered plaintiff to sit for a rescheduled deposition before February 1, 2019. Id. at 2-3. Defendant was instructed to notify the court, no later than February 8, 2019, whether plaintiff provided responses to the production requests and, if a deposition was scheduled, whether plaintiff attended and participated in his deposition. Id. at 3. Pursuant to the court order, defendant re-noticed plaintiff's deposition for January 25, 2019. ECF No. 29-1 at 9. Plaintiff did not provide responses to defendant's requests for production by the ordered deadline, nor did he

1

appear for his noticed deposition. ECF No. 29 at 2. He also did not contact defense counsel to request additional time to respond and appears to have offered no explanation for his failure to respond. Id. In responding to the December 20, 2018 order, defendant requests that the court order terminating and monetary sanctions. Id. at 5. Plaintiff has not responded to this request.

II. Terminating Sanctions Are Appropriate

Defendant requests that the court recommend terminating sanctions pursuant to Federal Rule of Civil Procedure 37, based on plaintiff's failure to comply with the court's discovery order. ECF No. 29 at 2. "District courts have the inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986) (citing Link v. Wabash R.R. Co., 370 U.S. 626 (1961)). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 41(b); L.R. 110; Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (citing United States v. Warren, 601 F.2d 471, 474 (9th Cir. 1979)) (dismissal for noncompliance with local rule); Malone v. United States Postal Serv., 833 F.2d 128, 134 (9th Cir. 1987) (dismissal for failure to comply with court order). Moreover, the Federal Rules specifically contemplate dismissal as a potential sanction for a party's failure to comply with an order compelling discovery, Fed. R. Civ. P. 37(b)(2)(A)(v), but "[o]nly 'willfulness, bad faith, and fault' justify terminating sanctions," Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) (quoting Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003)).

> [The Ninth Circuit has] constructed a five-part test, with three subparts to the fifth part, to determine whether a case-dispositive sanction under Rule 37(b)(2) is just: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions.

Id. (footnote citations omitted). "The most critical factor to be considered in case-dispositive

sanctions is whether a party's discovery violations make it impossible for a court to be confident that the parties will ever have access to the true facts." Id. (footnote citation and internal quotation marks omitted).

### A. Public Interest in the Expeditious Resolution of Cases

The public's interest in expeditiously resolving this litigation weighs in favor of dismissal. Thus far, plaintiff has shown little interest in fulfilling his discovery obligations or complying with this court's discovery order and he has not provided the court or defendant's counsel with any explanation for his non-compliance. His refusal to comply with discovery obligations, despite a court order to do so, has delayed the expeditious resolution of this case.

Defendant served the document requests at issue on September 11, 2018. ECF No. 25-2 at 1, 10. Plaintiff's original deposition notice was served on September 14, 2018. Id. at 1, 22. On October 9, 2018—nearly one month later—plaintiff contacted defendant's counsel requesting additional time to conduct the deposition and respond to discovery requests. ECF No. 22. Defendant's counsel agreed to a thirty-day extension, and both parties agreed that plaintiff would appear for his deposition and provide responses to written discovery requests on November 9, 2018. ECF No. 23. Plaintiff did not appear for his deposition or provide any written discovery responses on the agreed-upon date (ECF No. 25-2 at 2-3, ¶¶ 8-10), and defendant moved to compel plaintiff's participation in his deposition and responses to discovery (ECF No. 25).

After this court granted defendant's motion to compel, defendant re-noticed plaintiff's deposition for January 25, 2019. ECF 29-1 at 9. Plaintiff failed to appear for this deposition or produce the requested documents. Id. at 2, ¶¶ 7-8. As this timeline demonstrates, nearly five months have passed since the original discovery requests and deposition notices were served, and plaintiff still has not responded or appeared for a deposition. According to defendant's instant request, plaintiff has now failed to comply with the court's order compelling his participation in discovery. ECF No. 29 at 2. Plaintiff has not provided any explanation for these failures and apparently has no intention of fulfilling his obligations as required by the Federal Rules and directed by this court. The public interest in efficient resolution of cases has thus been thwarted by plaintiff's persistent refusal to partake in the discovery process.

### B. The Court's Need to Manage Its Docket

Plaintiff's failure to properly cooperate in discovery has already consumed a considerable amount of limited judicial time and resources. The Eastern District of California has one of the heaviest caseloads in the country. Plaintiff's continued refusal to partake in the discovery process already resulted in defendant's motion to compel, which demanded this court's attention, time, and resources. Considerations of judicial economy weigh in favor of terminating sanctions. Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (finding that it was necessary "to preserve the district courts' power to manage their dockets without being subject to the endless vexatious noncompliance of litigants").

### C. Risk of Prejudice to the Defendant

The risk of prejudice to the defendant also weighs in favor of dismissal. "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Malone, 833 F.2d at 131). The risk of prejudice is considered in relation to plaintiff's reason for defaulting. Id. (citing Yourish v. Cal. Amplifier, 191 F.3d 983, 991 (9th Cir. 1999)).

To date, defendant has been unable to move forward with plaintiff's deposition due to plaintiff's repeated failure to appear, and has also been unable to proceed with discovery because of plaintiff's failure to respond to defendant's document requests. In effect, the case has been brought to a complete standstill by plaintiff's actions, or more appropriately, lack of action. Plaintiff's conduct thus impairs defendant's ability to proceed to trial and threatens to interfere with the rightful decision of the case. Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990). "Delay alone has been held to be insufficient prejudice. Failure to produce documents as ordered, however, is considered sufficient prejudice." Id. (citations omitted). Here, plaintiff's repeated failure to appear at scheduled depositions, coupled with his refusal to comply with court-ordered document production, interferes with the rightful decision of this case and hinders defendant's ability to investigate and defend against plaintiff's allegations. Id. (finding the plaintiff's repeated failure to appear at depositions, compounded by their refusal to comply

with court-ordered document production, was sufficient to show prejudice to the defendant); Commodity Futures Trading Comm'n v. Noble Metals Int'l, Inc., 67 F.3d 766, 776 (9th Cir. 1995) ("We have reserved the default judgment sanction for [parties] who made discovery of any type virtually impossible, particularly [parties] who failed to produce documents."). Accordingly, this court finds that plaintiff's unjustified failure to participate in discovery presents a substantial risk of prejudice to the defendant.

### D. Public Policy Favoring Merits Resolution

The general policy favoring disposition of cases on their merits always weighs against terminating sanctions. Yourish, 191 F.3d at 992 (citation and internal quotation marks omitted). However, this policy alone is not sufficient to outweigh the other factors discussed herein. Leon v. IDX Sys. Corp., 464 F.3d 951, 960-61 (9th Cir. 2006).

### E. Availability and Effectiveness of Lesser Sanctions

Finally, the court finds no other, lesser sanctions that would be satisfactory or effective. Plaintiff is proceeding in forma pauperis, making it unlikely that monetary sanctions will induce him to cooperate or prosecute his case. See, e.g., Sanchez v. Rodriguez, 298 F.R.D. 460, 466 (C.D. Cal. 2014) ("[B]ecause plaintiff is proceeding in forma pauperis due to documented indigency, plaintiff would be unable to pay a monetary sanction and the imposition of such a sanction would be futile as a means of inducing him to comply with this Court's discovery orders." (emphasis omitted)). Nor would evidentiary sanctions be likely to be effective. While defendant's document requests target information related to damages, defendant's awareness as to a likelihood of harm, and the underlying basis for plaintiff's failure to protect claim (ECF No. 25-2 at 7-9), even if the court were to grant some evidentiary sanction—precluding plaintiff from offering any documentary evidence of these matters— plaintiff would still be able to testify to information contained in any documents that he has withheld and the court would have no practical way of excluding such testimony. Should the court further exclude testimony on those subjects based on plaintiff's failure to participate in his deposition, the result would be the same as if the court issued dispositive sanctions.

////

Furthermore, in granting defendant's motion to compel, the court expressly warned plaintiff that his failure to comply would result in sanctions that could range all the way up to dismissal of this case depending on the degree of his non-compliance (ECF No. 28 at 3), and plaintiff has not made any attempt to comply with the order. The court's "warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." Ferdik, 963 F.2d at 1262 (citing Malone, 833 at 132-33; Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)). Given the ample time plaintiff has had to provide discovery responses, his complete disregard for this court's order, and his failure to explain his non-compliance, the court finds that lesser sanctions would be ineffective and insufficient to address plaintiff's willful behavior.

For these reasons, the undersigned finds that terminating sanctions are justified and will recommend dismissal of this case with prejudice.

III. Limited Monetary Sanctions Are Appropriate

Defendant also requests the imposition of $2,680.00 in monetary sanctions as reimbursement for defendant's expenses associated with the two failed depositions and associated motions. ECF No. 29 at 3. While imposing monetary sanctions in the entire requested amount would be unjust given plaintiff's circumstances, it is appropriate to require plaintiff to reimburse defendant for the costs and expenses incurred in preparation for his re-noticed deposition on January 25, 2019—specifically, $490.00.

When a party fails to appear for his deposition or there is a complete failure to respond to requests for production, as there has been in this case, "the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

The court previously denied defendant's request for monetary sanctions related to plaintiff's original failure to participate in discovery on the grounds that plaintiff was indigent, pro se, and had only recently been released from prison, which would make such a sanction unjust. ECF No. 28 at 2. There do not appear to be any grounds for revisiting this decision.

However, in granting the motion to compel, the court warned plaintiff that he would be subject to sanctions if he did not cooperate in discovery, and he has provided no explanation for his failure to respond to the discovery requests or attend his deposition as ordered by the court on December 20, 2018.

The court therefore finds that defendant is entitled to recover the expenses incurred in preparation for plaintiff's second deposition, which was properly re-noticed for January 25, 2019. ECF No. 29-1 at 9. Not only was plaintiff timely notified of his deposition, but he had been ordered by this court to appear. Plaintiff's blatant disregard of the court's order, coupled with his failure to mitigate costs by notifying defendant of his intention not to appear for his deposition, justify an award of monetary sanctions to the extent that defendant incurred expenses in preparing for this deposition. Counsel's declaration in support of the instant motion asserts that defendant incurred $490.00 in fees and expenses to prepare for the re-noticed deposition. ECF No. 29-1 at 2, ¶¶ 10-11 (declaring that defendant's counsel incurred $340.00 in attorney's fees to prepare for the deposition plus $150.00 in fees for the court reporting agency). However, the court finds that an award of costs for the preparation of the response to the courts December 20, 2018 order would be unjust, as the response far exceeds the court's directive to provide notice as to whether plaintiff had complied with the order.

For these reasons, the defendant's request for monetary sanctions is granted to the extent that defendant is entitled to reimbursement from plaintiff for the $490.00 expended in preparing for the re-noticed deposition.

Accordingly, IT IS HEREBY ORDERED that defendant's request for monetary sanctions (ECF No. 29) is granted in part, and plaintiff is ordered to pay $490.00 in monetary sanctions to reimburse defendant for costs and expenses incurred in preparation for plaintiff's re-noticed deposition.

IT IS FURTHER RECOMMENDED that defendant's request for terminating sanctions (ECF No. 29) be granted and this action be dismissed for plaintiff's failure to obey a court order and failure to meaningfully cooperate in discovery. See Fed. R. Civ. 16(f); Fed. R. Civ. P. 37(b)(2)(A)(v); Fed. R. Civ. P. 41(b); L.R. 110.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 11, 2019

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE